# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-3186 SVW (MRW) | Date | May 1, 2017 |
|---|---|---|---|
| Title | Agha-Khan v. United States | | |

| Present: The Honorable | Michael R. Wilner | |
|---|---|---|
| Veronica Piper | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff / Petitioner: | | Attorneys Present for Defendant / Respondent: |
| None present | | None present |

**Proceedings:** ORDER TO SHOW CAUSE RE: DISMISSAL

1. Plaintiff filed an action alleging that numerous federal judges, court officials, prosecutors, and others violated her civil rights. Plaintiff's claims relate to a bankruptcy action in federal court in the Eastern District of California.

2. Plaintiff paid the filing fee associated with this action. (Docket # 1.) Nevertheless, a federal court "shall dismiss the case at any time" – regardless of whether the plaintiff paid any filing fee – "if the court determines that the action [ ] is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

3. On its face, Plaintiff's pro se submission fails this basic test. The focus of the rambling 36-page complaint is on alleged misconduct by bankruptcy judges, district judges, and members of their staff who were involved in Plaintiff's personal bankruptcy action.

4. However, the actions about which Plaintiff complains (issuance of orders, scheduling of hearings, etc.) clearly involved the judges and court officials acting in their judicial capacity. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); Kenner v. United States, ___ F. App'x ___, 2017 WL 1435188 (9th Cir. April 24, 2017) (same). That immunity "extends to actions for declaratory, injunctive, and other equitable relief." Mullis v. Bankruptcy Court for the District of Nevada, 828 F.2d 1385, 1394 (9th Cir. 1987).

5. An allegation that a judge committed "legal error" will "not deprive [a judge] of judicial immunity." Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996). Further,

prosecutors "are also entitled to absolute immunity from section 1983 claims." Ashelman, 793 F.2d at 1075 (quoting Imbler v. Pachtman, 424 U.S. 409, 427 (1976)).

6. A preliminary review of the complaint reveals that Plaintiff wishes to sue judges, court staff, and prosecutors for actions within their professional responsibility. As a matter of settled law, those individuals are immune from civil liability.

7. Another basic problem with the complaint – Plaintiff purports to sue people (named in the caption) but alleges no facts against them. See, e.g., allegations against AUSAs Leon Weidman and Phillip Talbert. A complaint that contains no factual basis for liability fails to state a claim upon which relief may be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

8. The Court must dismiss the action sua sponte under Section 1915. However, in the interests of justice, the Court will give Plaintiff an opportunity to show cause why the matter should not be dismissed without leave to amend. Plaintiff may respond to this order with a submission (not to exceed five pages) that concisely explains why Plaintiff is legally entitled to pursue this action despite the patent defects with the complaint. Plaintiff's response to this OSC will be due by May 16.

**Failure to file a timely submission as directed above will result in a recommendation that this action be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**